ALEXANDER SILVERMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10389.   Promulgated May 12, 1927.

Amounts expended by petitioner, a professor of chemistry and a member of the faculty of the University of Pittsburgh, in connection with the carrying on of his profession, in attending scientific meetings and conventions, constitute an ordinary and necessary business expense.

*S. Leo Ruslander, Esq.,* and *A. E. James, Esq.,* for the petitioner.
*D. D. Shepard, Esq.,* for the respondent.

This proceeding results from the determination of a deficiency in income tax for the year 1921 of $55.88 by reason of disallowance of a deduction of $558.75 claimed by petitioner as ordinary and necessary business expense for the taxable year in carrying on his duties as a professor of chemistry and a member of the faculty of the University of Pittsburgh. The facts are found as stipulated.

FINDINGS OF FACT.

The petitioner is a resident of Pittsburgh, Pa. He keeps his accounts on the basis of actual receipts and disbursements. Prior to and during the year 1921 he was at the head of the Department of Chemistry of the University of Pittsburgh, with the title of Professor of Chemistry, and has for the past twenty-one years been a member of the faculty of that university.

As the head of the department of chemistry, it was expected of and incumbent on him as such to keep abreast in his particular field

of work and in touch with other scientists in the same field, which was done among other ways by the preparation and publication of papers, by the reading of technical periodicals, and by the attendance at such conventions where consideration of subjects of a scientific nature were presented and discussed.

The petitioner attended like conventions prior to 1921, did so attend in 1921 and has since so attended, such action on his part being expected and necessary, as it was of others similarly employed at the university, for the purpose of keeping thoroughly informed in his field of work and in touch with other scientists, and in order to advance the interests of the university, though his contract of employment does not specifically make mention of any such activities and there was no provision made for repayment to him of expenses so incurred.

In the taxable year mentioned, petitioner, for the purposes and objects mentioned, attended the American Ceramic Society at Columbus, Ohio; the American Chemical Society at Rochester, N. Y., and a meeting of the same society in New York City, and, in so doing, incurred and paid reasonable and actual expenses for hotel rooms, meals, and railroad fare to and from said conventions, the sum of $558.75, no part of which sum has been repaid him by the university, nor by any person, society or organization, whatever. Each of the three trips mentioned occupied a week and petitioner was in attendance the full length of each convention, and for each convention prepared and delivered a paper or papers. By reason of the fact that petitioner was a member of the council of the American Chemical Society, he was in attendance prior to the general convention seasons.

### OPINION.

LITTLETON: The Board has held that expenditures of the character and made under circumstances involved in this proceeding are deductible as ordinary and necessary business expense. *Marion D. Shutter*, 2 B. T. A. 23. We have also held that expenditures made by a professional cartoonist for periodicals and other current literature and in attending political conventions, when properly proved, were proper deductions as ordinary and necessary business expense. *Jay N. Darling*, 4 B. T. A. 499.

The Board is of the opinion from the facts in this proceeding that the petitioner is entitled to the deduction claimed.

> *Judgment will be entered on 15 days' notice, under Rule 50.*